UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,
:     12-CR-301 (ADS)
:
    v.
:     **DECLARATION**
:
DANIEL GREENBERG
:
         Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, ERIC M. CREIZMAN, hereby declare under penalty of perjury pursuant to 28 U.S.C § 1746:

1. I am an attorney admitted to practice in the courts of the State of New York and in this Court. I represent Daniel Greenberg in the above-referenced case, and submit this declaration in further support of his motion to dismiss the Superseding Indictment based on the government's spoliation of evidence.

2. Annexed hereto as Exhibit A is a true and correct copy of a stipulation and order for preliminary injunction and other equitable relief as to Jonathan Bruk and Hazen NY Inc. filed on September 15, 2009, in the civil action in the United States District Court for the Eastern District of New York, 2:09-cv-02692 (LDW) (ETB).

3. Annexed hereto as Exhibit B is a true and correct copy of an email exchange produced by the government in discovery under Fed. R. Crim. P. 16 bates stamped CCL CUSTODY 000009 -- 000011.

4. Annexed hereto as Exhibit C is a true and correct copy of a letter by John Wallenstein to the Court dated May 6, 2013.

I hereby declare the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
        June 28, 2013

                              /s/ Eric M. Creizman
                              ERIC M. CREIZMAN

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION,

    Plaintiff,

      v.

CLASSIC CLOSEOUTS, LLC, a limited
liability company, also d/b/a
CLASSICCLOSEOUTS.COM; IVAL
GROUP, LLC, a limited liability company;
AYC HOLDING CORP.; 110 WEST
GRAHAM AVENUE CORP.; DANIEL J.
GREENBERG, individually, as an officer of
CLASSIC CLOSEOUTS, LLC, and d/b/a
THIRDFREE.COM, and as an officer of
IVAL GROUP, LLC, AYC HOLDING
CORP., and 110 WEST GRAHAM
AVENUE CORP.; YGC ENTERPRISES,
INC., STEPHANIE H. GREENBERG,
individually, as an officer of YGC
ENTERPRISES, INC.; HAZEN NY INC.,
also known as HAZEN NY; and
JONATHAN BRUK, also known as
JONATHAN J. BROOK and YOCHANON
BRUK, individually, as an officer of
HAZEN NY INC.

    Defendants.

Civ. No. 09 2692 (LDW) (ETB)

---

## STIPULATION AND ORDER FOR
## PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF
## AS TO DEFENDANTS JONATHAN BRUK AND HAZEN NY INC.

In this action, the Plaintiff, Federal Trade Commission ("FTC") seeks permanent injunctive

relief and other relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"),

15 U.S.C. § 53(b). The FTC filed a complaint and moved for a noticed temporary restraining order

and preliminary injunction against Defendants Classic Closeouts, LLC ("CCL"), a Nevada and New

York limited liability company, also doing business as Classiccloseouts.com; and Daniel J. Greenberg ("Daniel Greenberg"), individually, as an officer of Classic Closeouts, LLC, and doing business as ThirdFree.com, on June 24, 2009.  On June 29, 2009, this Court, having considered the complaint, declarations, exhibits, and memorandum of law filed in support thereof, and having heard oral argument from the FTC and counsel for Defendants CCL and Daniel Greenberg, entered a Temporary Restraining Order as to Defendants CCL and Daniel Greenberg, with an Asset Freeze as to Defendant CCL, appointing Angela Tese-Milner, Esq. as Temporary Receiver over Defendant CCL ("Receiver"), and providing other equitable relief ("TRO").

On June 30, 2009, the FTC and the Receiver were granted access to the business premises of Classiccloseouts.com, and the alleged former premises of Defendant CCL located at 110 West Graham Avenue, Hempstead, NY (the "Premises"), which were purportedly under the control of Jonathan Bruk, also known as Jonathan J. Brook and Yochanan Bruk ("Bruk") and Hazen NY Inc., also known as Hazen NY ("Hazen"), who claim that they took over the operations of Classiccloseouts.com as of January 1, 2009.  The FTC's computer specialists were unable to complete their download of the computers at the Premises and will require additional access. Defendants Bruk and Hazen obtained actual knowledge of the FTC's action on June 30, 2009, and have received a copy of the TRO, but were not parties to the action at that time.

On July 22, 2009, the FTC filed a First Amended Complaint for a permanent injunction and other relief, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), adding Defendants IVAL Group, LLC ("IVAL"), a New York limited liability company; AYC Holding Corp. ("AYC"), a New York corporation; 110 West Graham Avenue Corp. ("110 West Graham"), a New York corporation; YGC Enterprises, Inc. ("YGC"), a New York corporation; Stephanie H. Greenberg ("Stephanie Greenberg"), individually, and as an officer of YGC; Bruk; and Hazen.

The Court has extended the TRO as to Defendants CCL and Daniel Greenberg until the hearing on the FTC's motion for a preliminary injunction is held, and has postponed that hearing until September 15, 2009.

Pending a final resolution of this action as to Defendants Bruk and Hazen, the FTC and counsel for Defendants Bruk and Hazen have conferred and agreed to entry of this Stipulation and Order for Preliminary Injunction and Other Equitable Relief Against Defendants Bruk and Hazen ("Order") with the following findings and provisions without admitting or denying any of the allegations of the Amended Complaint:

## FINDINGS

1. This Court has jurisdiction of the subject matter of this case and over Defendants Bruk and Hazen.

2. Venue lies properly with this Court.

3. The activities of Defendants Bruk and Hazen as alleged in the FTC's First Amended Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The FTC asserts there is good cause to believe that Defendants Bruk and Hazen have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the FTC is therefore likely to prevail on the merits of this action, while Defendants Bruk and Hazen dispute these contentions.

5. The entry of this Order as set forth below is in the public interest.

6. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

7. By this Stipulation, Defendants Bruk and Hazen waive their right to a Preliminary Injunction hearing before this Court.

8. Defendants Bruk and Hazen consent to this preliminary injunction without admitting liability for the allegations made in the First Amended Complaint or any other allegations made by the FTC in connection with this action.

## ORDER

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Asset" means any legal or equitable interest in, right to, or claim to, any real and personal property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, mail or other deliveries, shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

2. "Consumer" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business or non-profit entity.

3. "Individual Defendants" means Daniel J. Greenberg, individually, as an officer of Classic Closeouts, LLC, and doing business as ThirdFree.com, and as an officer of IVAL Group, LLC, AYC Holding Corp., and 110 West Graham Avenue Corp.; Stephanie H. Greenberg, individually, as an officer of YGC Enterprises, Inc.; and Jonathan Bruk, also known as Jonathan J. Brook and Yochanon Bruk, individually, and as an officer of Hazen NY Inc.

4. "Business Defendants" means Classic Closeouts, LLC, a New York and Nevada

limited liability company; IVAL Group, LLC, a New York limited liability company; AYC Holding Corp., a New York corporation; 110 West Graham Avenue Corp., a New York corporation; YGC Enterprises, Inc., a New York corporation; and Hazen NY Inc., a New York corporation, also known as Hazen NY, and their successors and assigns.

5. **"Defendants"** means the Individual Defendants and the Business Defendants, individually, collectively, or in any combination.

6. **"Document"** or **"documents"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term "document."

7. **"Express Verifiable Authorization"** means:

   a. the consumer's express written or digital authorization to purchase the product or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment. Such authorization must include the consumer's signature (the term "signature" includes a verifiable electronic or digital form of signature, to the extent such form of signature is recognized as a valid signature under applicable federal law or state contract law); or

   b. The consumer's express oral authorization to purchase the product or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment that is audio-recorded, as follows:

(1)   The recording must evidence that the consumer, during that transaction, at a minimum, has provided the last four (4) digits of the account number to be charged;

(2)   The recording must include the entirety of the transaction;

(3)   The recording can be identified and located by either the consumer's name or telephone number; and

(4)   A copy of the recording must be provided upon request to the consumer, the consumer's bank, credit or debit card company or other billing entity, state attorney general or consumer protection agency, and the Commission.

8.   **"Person"** or **"persons"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9.   **"Plaintiff"** means the Federal Trade Commission.

10.  **"TRO"** means the Temporary Restraining Order entered on June 29, 2009 in this action.

11.  The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

## CONDUCT PROHIBITIONS

### I.

**IT IS HEREBY ORDERED** that Defendants Bruk and Hazen, and their officers, agents, employees, and corporations, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, are hereby restrained and enjoined from charging, or causing to be charged, any consumer's credit card or debiting, or causing to be debited, any consumer's bank

Page 6 of 18

account without the consumer's Express Verifiable Authorization for such charge or debit to be made.

## II.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen and their officers, agents, employees, and corporations, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, are hereby restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that a consumer is obligated to pay any charge or debit that has not been expressly authorized by the consumer.

## PROHIBITION ON DISCLOSURE OF CUSTOMER INFORMATION

## III.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen, and their officers, agents, employees, and corporations, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, are hereby restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, credit card number, debit card number, bank account number, e-mail address, or other identifying information of any person from whom or about whom any Defendant used such information in connection with activities related to unauthorized charges, as alleged in the FTC's Complaint; and

B. Benefitting from or using the name, address, birth date, telephone number, e-mail

address, Social Security number, credit card number, bank account number, or other

financial or identifying personal information of any person from whom or about whom any

Defendant used such information in connection with activities related to unauthorized

charges, as alleged in the FTC's Complaint;

Provided, however, that the Defendants may disclose such identifying information to a law

enforcement agency or as required by any law, regulation, or court order.

## RETENTION OF ASSETS AND RECORDS

### IV.

**IT IS FURTHER ORDERED** that Defendants Bruk and/or Hazen, as purported operators of

Classiccloseouts.com, to the extent that they hold, control, or maintain custody of any account or

asset of Defendants CCL, Daniel Greenberg, or any corporation, partnership, or other entity directly

or indirectly owned, managed, controlled by, or under common control with CCL or Daniel

Greenberg, including, but not limited to, Defendants IVAL, 110 West Graham, AYC and YGC,

shall:

A. Hold and retain within their control and prohibit the withdrawal, removal,

assignment, transfer, pledge hypothecation, encumbrance, disbursement, dissipation,

conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or

other property held by, or in their possession, custody, or control:

1. On behalf of, or for the benefit of, Defendants CCL, Daniel Greenberg, or any

corporation, partnership, or other entity directly or indirectly owned, managed,

controlled by, or under common control with CCL or Daniel Greenberg, including, but

not limited to, Defendants IVAL, 110 West Graham, AYC, and YGC;

2. In any account maintained in the name of, for the benefit of, or subject to

withdrawal by, any person referred to in Subsection IV.A.1 above; and

3. That are subject to access or use by, or under the signatory power of, any person referred to in Subsection IV.A.1 above.

B. Provide counsel for the FTC, within fourteen (14) days of service of this Order, a sworn statement setting forth:

1. The identification number and description of each such account or asset titled in the name, individually or jointly, or held for the benefit of any person referred to in Subsection IV.A.1 above;

2. The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. The identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant CCL, or otherwise subject to access by Defendant CCL; and

C. Unless previously provided and to the extent that Defendants Bruk and/or Hazan has possession, custody control of such records or documentation, upon the request of the FTC, provide the FTC within fourteen (14) days of service of this Order with copies of all records or other documentation pertaining to any account or asset of any person referred to in Subsection IV.A.1 above in their possession, custody, or control, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other documents relating to transfers of funds or other assets, all other

debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs for the time period commencing on June 1, 2008 until and including the date of service of this Order.

## IMMEDIATE ACCESS TO CCL'S AND DANIEL GREENBERG'S BUSINESS PREMISES

### V.

**IT IS FURTHER ORDERED** that, to the extent that they have possession or control over any premises described below, Defendants Bruk and Hazen, and their officers, agents, employees, and corporations, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, shall allow the FTC's representatives immediate access to the Defendants CCL's and Daniel Greenberg's business premises, including but not limited to all such premises located at 110 West Graham Avenue, Hempstead, NY 11550, and all sales offices, branch offices, computer facilities, storage facilities, or other business premises used by Defendants CCL, Hazen, IVAL, 110 West Graham, AYC, and YGC. The purpose of this access shall be solely to inspect and copy materials and data relevant to this action and to inventory the assets and documents of Defendants CCL and Daniel Greenberg, to the extent not previously provided, including, but not limited to:

A. Documents evidencing, referring to, or relating to CCL and/or Daniel Greenberg's financial status, including but not limited to, the nature or location of any bank account, safe deposit box, or any other asset of CCL and/or Daniel Greenberg;

B. Documents evidencing, referring to, or relating to the advertising, marketing,

promoting, offering for sale, and selling of frequent shopper club memberships and other membership services to any consumer and any correspondence, transaction, or other communication by or between any consumer or prospective consumer and CCL and/or Daniel Greenberg or any of their corporations, limited liability companies, representatives, employees, agents, or officers;

C. Any correspondence, transaction or other communication by or between any consumer or prospective consumer and CCL and/or Daniel Greenberg or any of their corporations, limited liability companies, representatives, employees, agents, or officers related to any disputed charges on a consumer's credit or debit card or related to any charges on a consumer's credit or debit card that are not for merchandise ordered and received by a consumer;

D. Documents evidencing, referring to, or relating to any communication by or between a consumer's credit card or debit card issuer or bank and CCL and/or Daniel Greenberg or any of their corporations, limited liability companies, representatives, employees, agents, or officers;

E. Documents evidencing, referring to, or relating to any communication by or between any bank or payment processor, including any CCL and/or Daniel Greenberg's own bank or payment processor and CCL and/or Daniel Greenberg or any of their corporations, limited liability companies, representatives, employees, agents, or officers regarding, concerning or relating to chargebacks or unauthorized charges; and

F. Documents evidencing, or referring to, any correspondence, action, or other communication by or between any law enforcement agency, consumer group, Better Business Bureau, TRUSTe, or SHOP.COM, and CCL and/or Daniel Greenberg or any of

their corporations, limited liability companies, representatives, employees, agents, or officers.

Defendants Bruk and Hazen shall provide the FTC with all necessary means of access to these materials, including, without limitation, keys, lock combinations, and computer access codes to any business locations within their ownership, possession, or control. The FTC and the Receiver may remove such materials from Defendants Bruk, Hazen, or CCL's business premises so they may be inspected, inventoried, and copied, so long as all such documents are returned in the same condition as when they were taken, and returned to the offices from which they were taken within five (5) business days of completing said inventory and copying. In no event shall such materials be retained longer than ten (10) business days.

*Provided further,* that if at the time of service of this Order, all documents and/or computers relating to Receivership Defendant CCL's business practices or assets in Defendant Bruk and/or Hazen's possession, custody or control, including but not limited to, computers, computer access codes and/or other computer passwords, computerized files, storage media (including, but not limited to, floppy disks, hard drives, cd-roms, zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved, any and all equipment needed to read any such material, contracts, accounting data, correspondence (including, but not limited to, electronic correspondence), advertisements (including, but not limited to, advertisements placed on the World Wide Web, pages, books, written or printed records, handwritten notes, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, 1099 forms, are located (1) in a place other than the business location of the Business Defendants, including but not limited to, the personal residence of Defendant Bruk or (2) otherwise not accessed

pursuant to this Section, then Defendants Bruk and Hazen shall, within seventy-two (72) hours of service of this Order, make available such documents and computers for copying and inspection to the Federal Trade Commission at the location(s) where they are kept in the ordinary course of business.

## EXPEDITED DISCOVERY

## VI.

**IT IS FURTHER ORDERED** that the FTC and the Receiver are granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited discovery shall proceed as follows:

Pursuant to Fed. R. Civ. P. 34(b), Defendants Bruk and Hazen shall produce all documents requested by the FTC in writing, in their possession, custody, or control related to the activities set forth in the Amended Complaint within ten (10) days of service of such request. If any responsive document is withheld by reason of a claim of privilege, a list is to be furnished concurrent with the production of the other documents pursuant to Fed R. Civ. P. 26(b)(5), which shall identify all documents for which the privilege is claimed and shall describe the nature of the documents not produced in a manner that will enable the FTC to assess the applicability of the claimed privilege or protection. If an objection is made to any request, the objection shall state with specificity all grounds, as provided by Fed. R. Civ. P. 34(b)(2)(B) and (C). Production of documents shall be made to FTC counsel, Robin E. Eichen at the Federal Trade Commission, Northeast Region, One Bowling Green, Suite 318, New York, NY 10004 or to such other person or place as counsel for the FTC may direct in writing.

*Provided,* that, in the event any of the Defendants' documents have been removed from the Defendants' premises by, and are in the possession of another law enforcement or investigative agency, the FTC shall have immediate access to such documents for purposes of inspection, indexing, and copying, subject to the agency consenting to access by the FTC.

*Provided, further,* that this Subsection shall extend to parties and non-parties.

## FINANCIAL REPORTS

### VII.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen, within ten (10) business days of service of this Order, shall prepare and deliver to counsel for the FTC:

A. Completed financial statements on the forms attached to this Order as Attachments A and B, for the Defendants Bruk and Hazen, respectively. The financial statements shall be accurate as of the date of entry of this Order; and

B. All current accountants' reports to the extent that any exist; any federal tax returns filed since January 1, 2007; documents indicating title to real or personal property; and other indicia of ownership that are now in any of their actual or constructive possession.

## IDENTIFYING INFORMATION RELATING TO ACCOUNTANTS, FINANCIAL PLANNERS, INVESTMENT ADVISORS, STOCK BROKERS AND OTHERS

### VIII.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen, within five (5) business days of service of this Order, shall provide to counsel for the FTC: (1) the name, address and telephone number for each accountant, financial planner, investment advisor, stock broker or other individual, corporation or partnership whom they hire for personal advice or services, including but not limited to, preparation of tax returns and investment advice, since January 1, 2007, and (2) the name,

address and telephone number for each accountant, financial planner, investment advisor, stockbroker or other individual, corporation or partnership who was hired on behalf of Defendants Bruk and/or Hazen since January 1, 2007.

## RECORD KEEPING/BUSINESS OPERATIONS

## IX.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen and their officers, agents, employees, and corporations, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, are hereby restrained and enjoined from:

A. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money;

B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, discs, or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of the Defendants; and

C. Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company, or corporation, without first providing counsel for the FTC with a written

statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

*Provided, however,* that nothing contained herein shall preclude defendants Bruk and/or Hazen from engaging in any legitimate business practice, provided that the disclosure requirements of this Section are adhered to.

## DISTRIBUTION OF ORDER

## X.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen, as purported operators of Classiccloseouts.com, shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, and representative of any Defendants under their control and shall, within five (5) business days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that any Defendant under their control has complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

## PROHIBITION ON DESTRUCTION OF DOCUMENTS

## XI.

**IT IS FURTHER ORDERED** that Defendant Bruk and Hazen, and their officers, agents, employees, and corporations, and all persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including, but not

limited to, fictitious business names, are hereby preliminarily restrained and enjoined from directly or indirectly destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of any Defendants in their possession, custody or control, including, but not limited to, books, records, accounts, or any other papers of any kind or nature.

## CONSUMER CREDIT REPORTS

### XII.

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning Defendant Bruk pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), and that upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## USE OF ALIASES

### XIII.

**IT IS FURTHER ORDERED** that Defendants Bruk and Hazen are hereby enjoined from using any fictitious, false, or assumed title or name, other than their own proper name, or otherwise misrepresenting their true identities in the course of business dealings or in publicly filed documents during the pendency of the Order, however, this Section does not prohibit the use of fictitious business names filed with the appropriate State governmental authorities.

## RETENTION OF JURISDICTION

### XIV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all

purposes.

**STIPULATED AND AGREED TO BY:**

PLAINTIFF:

ROBIN E. EICHEN
WILLIAM H. EFRON
CAROLE A. PAYNTER
Federal Trade Commission
Attorneys for Plaintiff
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829 (telephone)
(212) 607-2822 (facsimile)

DEFENDANTS:

SHELDON EISENBERGER
Law Offices of Sheldon Eisenberger
30 Broad Street
New York, NY 10004
(212) 422-3843 (telephone)
(212) 422-3844 (facsimile)

JONATHAN BRUK
Individually and as owner and officer of
HAZEN NY, Inc.
110 West Graham Avenue
Hempstead, NY 11550

SO ORDERED, this 21 day of Sept. , 2009,

LEONARD D. WEXLER
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT B**

**Schriver, Charles D**

| | |
|---|---|
| **From:** | Huettner, Hugh [hhuettner@ftc.gov] |
| **Sent:** | Wednesday, June 02, 2010 10:58 AM |
| **To:** | Schriver, Charles D |
| **Cc:** | Papenfuss, Chad; Pisano, Radu |
| **Subject:** | RE: Classic Closeouts Forensic Images |

Charles:

Federal Trade Commission
Attn: Radu Pisano/Hugh Huettner
600 Pennsylvania Avenue, H130
Washington, DC 20580

Thanks, Hugh

Hugh Huettner
Technical Computer Forensic Examiner

Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Avenue, NW
Washington, DC 20580

(202) 326-2817 Office
(202) 758-7607 Cell

> **From:** Schriver, Charles D [mailto:CDSchriver@uspis.gov]
> **Sent:** Wednesday, June 02, 2010 10:53 AM
> **To:** Pisano, Radu
> **Cc:** Papenfuss, Chad; Huettner, Hugh
> **Subject:** RE: Classic Closeouts Forensic Images
>
> Radu
>
> Our Computer Forensic Lab has completed the copying of the hard drives for our analysis. I would like to send them back to the FTC. Could you please provide me with the proper address I need to do so.
>
> Thanks.
>
> Charlie Schriver
> US Postal Inspection Service

> **From:** Pisano, Radu [mailto:rpisano@ftc.gov]
> **Sent:** Tuesday, May 04, 2010 10:31 AM
> **To:** Schriver, Charles D
> **Cc:** Papenfuss, Chad; Huettner, Hugh
> **Subject:** RE: Classic Closeouts Forensic Images
>
> Charles,
>
> The combination is 3371. Below are the passwords:

CCL CUSTODY 000009

1000-038 MXI Security 250GB - 0823236-009 (Contains Concordance Data)
P/N: MX0BA1250001FIPS
S/N: 0C250919E00B004D
Admin:Litsupport of FTC
Normal Password:29C984942737F036B6

1000-072 MXI Security 250GB - 0823236-010
P/N: MXOBA1250001FIPS
S/N: 0C250911E00B01B9
Admin:Litsupport of FTC
Normal Password:2A98550CBF7D60CAD48

1000-014 MXI Security 120GB  - 0823236-011
P/N: MXOBA1120001FIPS
S/N: 0C220846E00F0007
Admin:Litsupport of FTC
Normal Password:C022C2207A16083E4D6B

1000-045 MXI Security 500GB- 0823236-012
P/N: MXOBA1500001FIPS
S/N: 0C270925E00B0128
Admin:Litsupport of FTC
Normal Password:E4FD4A62347FE79C65

Let me know if you need more information.

Sincerely,

Radu Pisano
Forensic Examiner
Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3410 Office

--------------------------------------------------------------------

**From:** Schriver, Charles D [mailto:CDSchriver@uspis.gov]
**Sent:** Tuesday, May 04, 2010 10:28 AM
**To:** Pisano, Radu
**Cc:** Sarah.Coyne@usdoj.gov; Eichen, Robin E.; Papenfuss, Chad; Huettner, Hugh
**Subject:** RE: Classic Closeouts Forensic Images

Radu

I received the package today. Could you please send me the combination and password.

Thanks.

Charlie Schriver

--------------------------------------------------------------------

**From:** Pisano, Radu [mailto:rpisano@ftc.gov]
**Sent:** Monday, May 03, 2010 6:43 PM
**To:** Schriver, Charles D
**Cc:** Sarah.Coyne@usdoj.gov; Eichen, Robin E.; Papenfuss, Chad; Huettner, Hugh

CCL CUSTODY 000010

**Subject:** Classic Closeouts Forensic Images

Charles,

The drive has been shipped to:
US Postal Inspection Service
185 West John St
Hicksville, NY 11802-0160
Attn: Insp: Charles Schriver
646-423-9235
FEDEX Tracking number to USPIS: 7935-0582-8739
FEDEX Tracking number from USPIS to FTC: 8663-7274-5751
The particulars of these drives are:
1000-038 MXI Security 250GB - 0823236-009 (Contains Concordance Data)
P/N: MXOBA1250001FIPS
S/N: 0C250919E00B004D
1000-072 MXI Security 250GB - 0823236-010
P/N: MXOBA1250001FIPS
S/N: 0C250911E00B01B9
1000-014 MXI Security 120GB  - 0823236-011
P/N: MXOBA1120001FIPS
S/N: 0C220846E00F0007

1000-045 MXI Security 500GB- 0823236-012
P/N: MXOBA1500001FIPS
S/N: 0C270925E00B0128
The combination for the lock and passwords shown above will be provided as soon as you contact
us acknowledging the receipt of the drive.
Now, to some important notes regarding the images:

- There were two different forensic acquisitions. One at the defendant's premises and the
  other at a storage facility where the machines where stored after the defendant's were
  evicted. As such, you will find the images in two separate folders in the encrypted drives:
  Machines found in Storage and Machines found at the premises.
- Some images were not usable at all. These were not acquired successfully by our
  contractor. These are: Machines found on premises: IT03, IT04, IT05, IT06_3, IT09.
- All other images were successfully verified with FTK Imager.

Please contact me at the numbers below or by email when you receive the case containing the
drives, so that I can send you the passwords and combination for the lock.

Sincerely,

Radu Pisano
Forensic Examiner
Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-3410 Office

CCL CUSTODY 000011

**EXHIBIT C**

LAW OFFICES

# JOHN S. WALLENSTEIN

1100 FRANKLIN AVENUE

GARDEN CITY, NEW YORK 11530

(516) 742-5600 Fax (516) 742-5040
E-MAIL: JSWallensteinEsq@aol.com

JOHN S. WALLENSTEIN
———

SCOTT MURPHY
Of Counsel

May 6, 2013

NEW YORK & FEDERAL BARS

CRIMINAL DEFENSE
CIVIL LITIGATION
COMMERCIAL MATTERS

**SUBMITTED EX PARTE AND UNDER SEAL**
**FILED BY FAX ONLY**
Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
1020 Federal Plaza
Central Islip, New York 11722

    Re: United States v. Daniel Greenberg
        Docket #12 CR 337 (ADS)

Dear Judge Spatt:

    This letter is filed ex parte and under seal because it relates strictly to the defense function. As Your Honor is aware, the court has previously authorized me to obtain the services of an expert witness in relation to the forensic examination of the computers and computer data which were seized from the defendant's business by the Federal Trade Commission prior to the commencement of the criminal proceedings herein. The FTC seized 31 computers from the defendant's business, and just recently the government provided the digital images of the drives contained within the computers themselves, because the physical computers are being held by the Federal Trade Commission in Washington, D.C.

    The defense expert has begun his analysis of the imaged drives, and has determined that the servers were not transferred to the electronic media provided to us by the government. These computers contain information that is critical to the defense, including, without limitation, exculpatory matter in the form of emails (both incoming and outgoing) and financial data. Without this critical data, the expert is unable to analyze the media properly, and is unable to extract the specific data which we believe will enable us to

successfully challenge the government's evidence, and will prevent us from offering exculpatory evidence at trial.

Annexed hereto is a letter from the expert which explains the issues. He notes that he will require additional funds, but more importantly he will require significant time, since the data which we believed was provided to us is not contained within the media we have.

Accordingly, we respectfully request the following:

1) That the court direct the government to immediately provide access to the physical computers, located in Washington at the Federal Trade Commission, by arranging for the expert to have access to them in *situ*, and permitting him to reimage the drives and take the images to his lab in Raleigh, North Carolina for analysis;
2) That the expert be permitted to expend additional hours, as noted, beyond the initial $5000 which the court has already authorized, in the approximate amount of an additional $10,000; and
3) That the scheduled trial date be adjourned in order to provide sufficient time to allow the expert to obtain the data from the government, and analyze it, so that the defendant may present his defense at trial.

Thank you for your consideration.

Respectfully yours,

JOHN S. WALLENSTEIN

JSW/jh
Enclosure



**GUARDIAN**
DIGITAL FORENSICS

May 6, 2013

John S. Wallenstein, Esq.

Via Email Attachment

Dear John,

I have had some opportunity to review the data provided by the government. So far, I have not been able to access all of the data provided, primarily due to the method used to collect the forensic copies performed by the government contractor, CACI who did the onsite forensic copying of the computers.

So far, the issues are that some of the forensic copies are from servers that have multiple hard drives configured in a RAID arrangement. A RAID arrangement of hard drives is where you take two or three separate hard drives, install them in a server computer and the server hardware makes them look like one single hard drive.

The issue is that some server computers are configured in such a way that the forensic copies of the multiple hard drives cannot be reconstructed back into the "single" hard drive to get to the data that was viewable when the server computer was in operation.

I am continuing to work on this, but I am not confident that I will be able to reconstruct this data from the forensic copies provided.

The documentation provided by the contractor is limited and does not include all the information for the computers, especially for the server computer RAID configurations. In plain English, they did not gather the proper information for me to rebuild the data.

There are methods that can be used when making forensic copies of server computer RAIDs that would allow the data to be accessed very simply. However, based on the notes provided by the contractor, they were having multiple issues while on site and ran out of time to use their own words.

When forensically imaging any computer or device, it is always Best Practices to test the forensic images to ensure that the data is in a recoverable and useable format before leaving the location where the work is being performed. This holds especially true for data contained in more complex scenarios, such as data on a server computer in a RAID configuration.

To ensure that the data was recoverable and in a useable form, the forensic images, or copies, of the RAID configured server computers should have been rebuilt onsite to ensure they were in working order.

Further, it is common practice to make what is known as a "Logical Image" of data contained on complex systems such as server computers in RAID configurations as a "backup" so to speak along with

the physical acquisitions. Basically, this captures all of the "still existing" data on the server computer and ignores the complexities of the RAID configuration, ensuring that all of the data is useable, accessible, and in proper working order. It is important to note that making a logical image takes significantly less time that a full physical acquisition.

Also, at least one of the hard drives was contaminated by the vendor using an old hard drive when performing the forensic copying that contained old case information from another case.

Additionally, the crux of this case appears to be reliant on data that was contained in databases. Specifically SQL Server databases that contained all of the customer histories and transactions, as well as email traffic, order confirmations and so on.

The other critical part of this case is the web sites that were actually in use at the time. These would have resided on a specific kind of server called a web server. I have not found any of the web server data at this point, nor have I found any of the SQL Server databases that I need to determine the customer history and interaction with Classic Closeouts.

It is likely that all of the aforementioned data that is at the heart of this case, the SQL Server databases and the web server data is contained on one of the computer servers in RAID configuration that I have been unable to rebuild at this point in time.

If I cannot locate the data that I need in this case from what has been provided, then our only option is going to be to go to the location where the computers are currently stored, put the server computers back into operation and make new forensic copies of the data.

Finally, the massive amount of data involved in this case, along with the technical issues that will be required to get the databases into a form where the pertinent data can be extracted is going to take a significant amount of time to reconstruct and analyze.

For that reason, I need just for the analysis a minimum of an additional 40 to 50 hours of time.

If I have to go to the location where the computers are stored and get the data from then directly, that is going to take a minimum of two days at the location plus travel to and from the location. This would not only add additional expense, but with having to located the stored computers and coordinate access to them will probably take several weeks.

I look forward to your guidance in these issues.

Sincerely,

Larry E. Daniel, EnCE, DFCP, BCE, ACE. CTNS
Digital Forensics Examiner