```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA            :
                                    :   Docket No.: 12-CR-301 (S-1) (ADS) (ARL)
        -v-                         :
                                    :
DANIEL GREENBERG                    :
        Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

## DEFENDANT DANIEL GREENBERG'S
## REQUESTS TO CHARGE

CREIZMAN PLLC
Eric M. Creizman (EC-7684)
565 Fifth Avenue, Fl. 7
New York, New York 10017
Tel.:  (212) 972-0200
Fax:  (646) 200-5022
Email:  ecreiz@creizmanllc.com

January 5, 2013

## DANIEL GREENBERG'S PROPOSED REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Daniel Greenberg respectfully requests that the Court include the following in its charge to the Jury. We reserve the right to supplement or amend these Requests to Charge.

## TABLE OF CONTENTS

DANIEL GREENBERG'S PROPOSED REQUESTS TO CHARGE ................................i

Request No. 1 -- General Request ................................................................................1

Request No. 2. - Presumption of Innocence and Burden of Proof .....................................1

Request No. 3 - The Indictment.........................................................................................2

Request No. 4 - Summary of Indictment............................................................................3

Request No. 5 - Evidence - Direct and Circumstantial......................................................4

Request No. 6 - Credibility of Witnesses ..........................................................................5

Request No. 7 - Witness Credibility - Bias and Hostility..................................................8

Request No. 8 - Witness Credibility - Law Enforcement Witness.....................................8

Request No. 9 - Witness Credibility - Witness' False Statement.......................................9

Request No. 10 - Defendant's Interest If Defendant Testifies [If Applicable]...................9

Request No. 11 - Defendant's Election Not To Testify [If Applicable]..........................10

Request No. 12 - Crimes Defined By Statute Only..........................................................10

Request No. 13 - Consider Each Count Separately.........................................................11

Request No. 14 - Reasonable Doubt.................................................................................11

Request No. 15 - Sympathy or Prejudice .........................................................................12

Request No. 16 - Wire Fraud - Elements.........................................................................13

Request No. 17 - Access Device Fraud - Elements.........................................................14

Request No. 18 - Aggravated Identity Theft - Elements..................................................14

Request No. 19 - Money Laundering - Elements ................................................................14

Request No. 20 - Intent to Defraud...................................................................................15

Request No. 21 - Knowingly and Willfully.......................................................................15

Request No. 22 - Good Faith .............................................................................................16

Request No. 23 - Lawsuits by Regulatory Agencies.........................................................17

### Request No. 1 -- General Request

Daniel Greenberg requests that the Court give the jury its standard instructions or those contained in Leonard B. Sand, John S. Siffert, Walter P. Loughlin & Steven A. Reiss, MODERN FEDERAL JURY INSTRUCTIONS CRIMINAL (2005), hereinafter Sand, *et al.*, *Modern Federal Jury Instructions*, on the following matters:

1. Functions of Court and Jury;
2. Indictment Not Evidence;
3. Government as a Party;
4. Persons Not On Trial;
5. Inferences;
6. Statements of Court and Counsel Not Evidence;
7. Evidence; Objections; Rulings; Bench Conferences;
8. Venue;
9. Stipulations;
10. Outline of the Trial.

### Request No. 2. - Presumption of Innocence and Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus, the defendant, although accused of crimes in the Indictment, begins the trial with a "clean slate"—with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the government or the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. No defendant is ever obligated to produce any evidence even if he chooses to cross-examine witnesses for the government.

The government is not required to prove guilt beyond all possible doubt. The test is one of *reasonable* doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Unless the government proves beyond a reasonable doubt that the defendant has committed each and every element of an offense charged in the Indictment, you must find the defendant not guilty of that offense. If you view the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must adopt the conclusion of innocence.

### *AUTHORITY*

Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions*, 12.0.

### Request No. 3 - The Indictment

The Defendant has been formally charged in what is called an Indictment. An indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the Defendant's guilt. It creates no presumption and it permits no inference that the Defendant is guilty. You are to give no weight to the fact that an indictment has been returned against the Defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

I caution you that indictment is a document drafted by the government and it relates to charges as framed by the government. The Court and the Defendant played no role in its creation. Any conclusions or characterizations contained in the indictment are not to be accepted as true, nor to be considered as proof of anything. Rather, it is the government's burden, and its burden alone, to prove beyond a reasonable doubt that the Defendant committed each and every element of the offenses charged in the indictment.

### *AUTHORITY*

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-6.

### Request No. 4 - Summary of Indictment

The Indictment contains thirteen counts or "charges." According to the government, the charges center around an alleged scheme by the Defendant to defraud customers of a website that the Defendant allegedly owned and operated, ClassicCloseouts.com ("CCL"), by intentionally and fraudulently placing charges on their credit or bank debit cards without their authorization.

Specifically, it is alleged that beginning in June 2008, the Defendant charged the accounts of CCL customers multiple times over the course of several months, all without the customers' authorization. To further this alleged scheme, when CCL customers disputed the unauthorized charges with the issuing banks, the Defendant falsely asserted that the charges were valid because the customers had enrolled in CCL's alleged "frequent shopper club."

3

It is alleged that all of the conduct occurred from in or about June 2008 up through and including April 2009.

Counts One through Eight: Wire Fraud

Counts One through Eight allege that Daniel Greenberg knowingly and intentionally defrauded CCL's customers through the alleged scheme to defraud as I described, and that they used wire communications to facilitate the offense.

Count Nine: Access Device Fraud

Count Nine alleges that Daniel Greenberg knowingly, and with the intent to commit the scheme to defraud as I described, used access devices—specifically, credit card account numbers, issued to other persons—to receive payments and other things of value during any one-year period in amount greater than $1,000.

Count Ten: Aggravated Identity Theft

Count Ten alleges that in connection with the scheme to defraud as I described, Daniel Greenberg possessed and used credit card account numbers and associated identifying information of other persons, without lawful authority to do so.

Counts Eleven through Thirteen: Money Laundering

Counts eleven through thirteen allege that Daniel Greenberg committed the substantive offense of money laundering by allegedly engaging in monetary transactions in criminally derived property from the alleged wire fraud and access device fraud offenses of a value greater than $10,000.

**Request No. 5 - Evidence - Direct and Circumstantial**

The Court is respectfully requested to include this paragraph in its standard instruction on direct and circumstantial evidence:

Some circumstantial evidence may be susceptible to more than one inference—perhaps with one inference tending to indicate guilt and the other innocence. In such a case, in selecting any particular inference, you must keep in mind the presumption of innocence and that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt.

### AUTHORITY

United States v. Cassese, 428 F .3d 92, 98-99 (2d Cir. 2005); United States v. Glenn, 312 F .3d 58, 64 & 70 (2d Cir. 2002) ("[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.") (internal quotation marks and citations omitted); United States v. Desena, 260 F .3d 150, 154 (2d. Cir. 2001).

### Request No. 6 - Credibility of Witnesses

Now I come to one of the more important issues in any trial: the issue of credibility.

You must now consider whether the witnesses were both truthful and accurate. A witness could believe that he or she was being truthful, yet be mistaken and not able to recall facts accurately. Also, a witness could take the oath and still intentionally testify falsely.

I am going to give you a few general instructions as to how you should go about determining whether witnesses are credible and reliable. I told you at the beginning of trial that it was important for you to listen and observe carefully the witnesses as they testified and to think about their testimony as they gave it.

You must now consider whether the witnesses told the truth and whether they knew what they were talking about. How do you determine that? It is really just a matter of your using your common sense, your good judgment and your experience.

First of all, consider how good an opportunity the witness had to observe or hear what he or she testified about. How did the testimony of the witness impress you? Did the witness appear to be testifying honesty and candidly? Were his or her answers direct or evasive? Consider the demeanor of the witness, and his or her manner of testifying.

Consider the strength and accuracy of the witness's recollection. Consider whether any outside factors, may have affected the witness's ability to perceive events. Consider the substance of the testimony. Decide whether or not a witness was straightforward, or whether he or she attempted to conceal anything.

It is also important to consider carefully how the witness' testimony compares with other proof in the case. Is the testimony corroborated by other testimony or evidence in the case? Is the witness's testimony contradicted by other evidence? If there is a conflict between the witness's testimony and other evidence, which seems more reliable: the testimony of the witness or the contrary evidence?

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of his or her testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake.

Keep in mind that a witness may be testifying honestly about his or her recollection, but that his or her recollection may be mistaken. You may also consider whether the inconsistency concerns an important fact or whether it had to do with a small detail, as well as whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

In addition, you may consider whether a witness had any possible bias, any relationship to a party, any motive to testify falsely or any possible interest in the outcome of the case. Such a bias or relationship does not necessarily make the witness unworthy of belief. These are simple factors that you may consider.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful where testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or which are corroborated by other independent evidence in the case.

It is for you, the jury, and for you alone, not the lawyers, not any of the witnesses, and not me as a Judge, to decide the credibility of a witness who appeared here and the weight that their testimony deserves.

As I told you at the beginning of the trial, you do not leave your common sense, your good judgment or your life experiences behind you when you walk into the courtroom. You carry that background into the jury room during your deliberations. Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven fact or to weigh and evaluate the evidence provided during trial.

### AUTHORITY

Adapted from the charge of the Hon. Sonia Sotomayor in United States v. Lech, S2 94 Cr. 285- 03 (SS), Tr. At 854-57.

### Request No. 7 - Witness Credibility - Bias and Hostility

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger which some Government witnesses may have towards the defendants.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

### *AUTHORITY*

Adapted from 1 Sand et al., Modern Federal Jury Instructions, Instr. 7-2 (2001).

### Request No. 8 - Witness Credibility - Law Enforcement Witness

You have also heard the testimony of government law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

### *AUTHORITY*

Adapted from 1 Sand et. al., Modern Federal Jury Instructions, 7.01, at instruction 7-16.

**Request No. 9 - Witness Credibility - Witness' False Statement**

If a witness is shown knowingly to have made false statements about any matter, you have a right to conclude that the witness also lied about other matters. You may reject all of the testimony of the witness or give it whatever credibility you believe it deserves.

*AUTHORITY*

Adapted from Devitt and Blackmar, Federal Jury Practice and Instructions (1977 ed.)_17.08.

**Request No. 10 - Defendant's Interest If Defendant Testifies [If Applicable]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have instructed you, the government bears the burden of proof beyond a reasonable doubt at all times, and the defendant is presumed innocent. If a defendant nonetheless chooses to testify, he is, of course permitted to take the witness stand on his own behalf.

In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any other witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

*AUTHORITY*

Adapted from 1 Sand et al., Modern Federal Jury Instructions, Instruction 7-4, citing, inter alia, United States v. Gaines, 457 F .3d 238 (2d Cir. 2006); adapted from the charge in United States v. Martin, 525 F.2d 703 (2d Cir. 1975).

9

**Request No. 11 - Defendant's Election Not To Testify [If Applicable]**

The defendant did not testify in this case. Under our Constitution, no defendant has any obligation to testify or present any evidence. That's because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.

That burden, as I've said, remains with the government throughout the entire trial and never shifts to the defendants. Defendants are never required to prove that they are innocent. The right of a defendant not to testify is an important part of our Constitution. I'm going to quote you something that the Supreme Court has said on this subject so that you will have it in mind.

> "It is not everyone who can safely venture on the witness stand, though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand."

It is for that reason that you may not attach any significance to the fact that the defendant, did not testify. No adverse inference may be drawn against a defendant because he did not take the witness stand. You may not consider this against the defendant in any way whatsoever.

*AUTHORITY*

Adapted from the charge of the Hon. Lewis A. Kaplan in United States v. Eggers, 97 Cr. 1004 (LAK), Tr. At 2285-86 (quoting Wilson v. United States, 149 U.S. 60, 66 (1893)). See also Carter v. Kentucky, 450 U.S. 288, 300 n.15 (1981); Griffin v. California, 380 U.S. 609, 613 (1965); Charge of the Hon. John S. Martin in United States v. Anosike, 94 Cr. 717.

**Request No. 12 - Crimes Defined By Statute Only**

In our system, we only have crimes that are defined by statute. The fact that something may be repugnant to you, or may be something that you think is morally wrong, is truly of no interest whatsoever. Statutes define our crimes, and from time, to time I will talk to you about

the individual statutes and how they break down into elements so that you can consider the elements that the government must prove. Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Break it down to the elements, see if there is proof beyond a reasonable doubt as to each of those elements, and then, with that determination made, you can render a verdict.

### *AUTHORITY*

Adapted from the charge of the Hon. Kevin T. Duffy in United States v. Scherer, 92 Cr. 698 (ALL), Tr. At 1967. See also Chiarella v. United States, 445 U.S. 222, 232 (1980) ("not every instance of financial unfairness constitutes fraudulent activity under § 10(b)").

### Request No. 13 - Consider Each Count Separately

A separate crime or offense is charged and by "charged" I simply mean alleged – in each count of the Indictment. Each count, and the evidence pertaining to each count, should be considered separately.

### Request No. 14 - Reasonable Doubt

Since, in order to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of any unpleasant duty. The law does not require that the

government prove guilty beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should find the defendant guilty of that charge.

### *AUTHORITY*

Adapted from 1 Sand et al., Modern Federal Jury Instructions, Instruction 4-2, citing, inter alia, adapted from the charge of Judge Edward Weinfeld in United States v. Corr, 543 F.2d 1042 (2d Cir. 1975); adapted from the charge of Judge Rakoff in United States v.Quinones, 511 F.3d 289 (2d Cir. 2007), cert. denied, 129 S.Ct. 252 (2008).

### Request No. 15 - Sympathy or Prejudice

In reaching the determination of whether the defendant is guilty or not guilty, your oath as jurors commands that you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case and you are to apply the law as I have instructed you. As you sift through the evidence, you must ask yourselves whether the prosecution has proven the Defendant's guilt. Once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Thus, if you have a reasonable doubt as to the Defendants' guilt, then you must render a verdict of acquittal. But if you should find that the prosecution has met its burden of proving the Defendants' guilt beyond a reasonable doubt, then you should not hesitate because of sympathy or for any other reason to render a verdict of guilty.

The question of possible punishment of the defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Under your oath as jurors, you cannot allow any consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict. Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## Request No. 16 - Wire Fraud - Elements

Counts One through Eight of the Indictment charges the defendant with committing the substantive offense of wire fraud. In order to prove the defendant guilty of wire fraud, the government must establish each of the following elements beyond a reasonable doubt:

First, the defendant defrauded CCL's customers of money or property by means of materially false or fraudulent pretenses, representations, or promises as alleged in the indictment,

Second, the defendant knowingly and willfully participated in the scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud,

Third, that in the execution of that scheme, the defendant used, or caused to be used, wire communications.

### Request No. 17 - Access Device Fraud - Elements

Count Nine of the Indictment charges the defendant with committing the crime of access device fraud.  In order to prove the defendant guilty of access device fraud, the government must establish each of the following elements beyond a reasonable doubt:

First, the defendant effected transactions using access devices, specifically, credit card account numbers, issued to other persons,

Second, the defendant did so in order to receive payments and other things of value, during any one year period, the value of which exceeded $1,000,

Third, the defendant did so with the intent to defraud, and

Fourth, the defendant's conduct affected interstate commerce.

### Request No. 18 - Aggravated Identity Theft - Elements

Count Ten of the Indictment charges the defendant with committing the offense of aggravated identity theft.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed and used without legal authority credit card account numbers and associated identifying information of other persons; and

Second, the defendant did so during and in relation to the wire fraud and access device fraud offenses charged in Counts One through Nine.

### Request No. 19 - Money Laundering - Elements

Counts Eleven through Thirteen of the Indictment charges that the defendant committed the substantive offense of money laundering.  In order to find the defendant guilty of this offense, the government must establish each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction,

Second, the defendant knew that the transaction involved criminally derived property,

Third, the criminally derived property must be of a value greater than $10,000,

Fourth, the criminally derived property must also, in fact, have been derived from a specific unlawful activity, that is the proceeds of the mail fraud or access device fraud alleged in Counts One through Nine of the Indictment.

Fifth, the monetary transaction must have taken place in the United States.

### Request No. 20 - Intent to Defraud

A false representation is not sufficient to convict a defendant of wire fraud. The government must also prove beyond a reasonable doubt that the defendant knowingly and willfully executed or attempted to execute a scheme to defraud. Here, in order to find the defendant guilty of mail and wire fraud or health care fraud, the government not only must prove that the defendant made representations that were false but also that the defendant willfully and knowingly made those alleged false representations with knowledge that they were false.

### Request No. 21 - Knowingly and Willfully

An act is done "knowingly" if it is done voluntarily and deliberately rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake, or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.

15

*AUTHORITY*

Sand, Modern Federal Jury Instructions, Instruction 3A-3 (modified); *United States v. Homa Int'l Trading Corp.*, 387 F.3d 144 (2d Cir. 2004); *United States v. Droge*, 961 F.2d 1030 (2d Cir. 1992).

**Request No. 22 - Good Faith**

Since an element of the crimes charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to charges of wire fraud and access device fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. If a defendant believed in good faith that the representations were true, no matter how inaccurate they may turn out to be, there would be no crime.

However, if a defendant knew that his or her representations were false and material, it is not a defense that he or she believed that the victim would recognize their falsity and decide not to rely on those statements.

Good faith is an absolute defense to the charges in the indictment since good faith on the part of a defendant is inconsistent with intent to defraud or willfulness which is an essential part of the charges. The burden of proof is not on a defendant to prove good faith, of course, since a defendant has no burden to prove anything. The government must establish beyond a reasonable doubt that the defendant acted with specific intent to defraud as charged in the indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken, and similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

*AUTHORITY*

*United States v. Rossomando*, 144 F.3d 197 (2d Cir. 1998), 21 Sand, et al, Modern Federal Jury Instructions at 8-2 (2003)(modified), 11th Circuit Pattern Jury Instructions – Criminal 16 (1997).  <u>See also</u>,  *United States v. Dupre*, 462 F.3d 131, 146-147 (2d Cir. 2006).

**Request No. 23 - Lawsuits by Regulatory Agencies**

You may have heard testimony about a civil lawsuit filed by the Federal Trade Commission ("FTC") against Daniel Greenberg and Classic Closeouts.  You should not concern yourself with how that lawsuit was resolved.  The fact that the FTC filed a lawsuit or how that lawsuit was resolved has nothing do with the question of whether the criminal statutes at issue here were violated.  Your determination as to whether Daniel Greenberg is guilty or not guilty of the charges against him must be based solely upon consideration of the elements of the criminal laws, which I have explained to you.

Dated: New York, New York  /s/ Eric M. Creizman
January , 2014  Eric M. Creizman (EC 7684)
  Creizman PLLC
  565 Fifth Avenue, Fl. 7
  New York, New York 10017
  Tel.: (212) 972-0200
  Fax: (646) 200-5022
  Email: ecreiz@creizmanllc.com

  *Attorneys for Daniel Greenberg*