# CREIZMAN LLC

565 Fifth Avenue
7th Floor
New York, New York 10017
tel: (212) 972-0200
fax: (646) 200-5022
ecreiz@creizmanllc.com
www.creizmanllc.com

*By ECF and*
*Courtesy Copy by Federal Express*

January 16, 2014

The Honorable Arthur D. Spatt
United States District Judge
United States District Court for the
 Eastern District of New York
100 Federal Plaza
New York, New York 11722-9013

**Re:** **United States v. Daniel Greenberg, 12-CR-301 (ADS) (ARL)**
<u>Request for Adverse Inference Instruction</u>

Dear Judge Spatt:

With leave of the Court, I am writing this letter brief in support of my application for an adverse inference instruction based on the spoliation of Classic Closeouts' computers and servers.

In 2009, the Federal Trade Commission brought an action against Daniel Greenberg and Classic Closeouts alleging that the defendants placed unauthorized charges on customer credit cards. Despite having obtained a temporary restraining order that gave it the right and obligation to preserve Classic Closeouts' computers and servers, the FTC neglected to properly image the computers and servers and failed to secure them, even after it was aware that its attempt to forensically image the computers and servers was unsuccessful. Indeed, the FTC tried, and failed, on three separate occasions to image the computers and servers. Greenberg was not at fault in any way for the FTC's failure to accurately image the computers, and he had no access to the computers and servers at any point during the FTC investigation. (The factual background concerning the FTC's failure to preserve and secure Classic Closeouts' computers and servers is discussed in greater detail in Mr. Greenberg's brief in support of his previous motion to dismiss the indictment. *See* Dkt. #80 at 3-6.) During trial on January 15, 2013, Postal Inspector Schriver testified that by the time the criminal investigation of Mr. Greenberg began in February 2010, the computers and servers were unavailable as evidence because the FTC had neither imaged nor secured the computers and servers. (1/15 Tr. at 1024-1028).

Because the FTC was grossly negligent in its failure to preserve evidence with obvious

exculpatory value, Mr. Greenberg has been prejudiced in his ability to defend himself in this case. Indeed, in denying Mr. Greenberg's previous spoliation motion for failure to establish bad faith on the part of the prosecution, Your Honor found that Mr. Greenberg "has proved that the evidence possessed an exculpatory value that was apparent before it was destroyed . . . and the defendant is unavailable to obtain comparable evidence." (11/1/13 Tr. at 14). Even the government has conceded that the alleged "fraudulent scheme largely was executed by the defendant through his use of [Classic Closeouts'] computers and servers." (Dkt. # 88 at 2).

The government may argue that Mr. Greenberg did have access to other comparable evidence because he was able to make use of some documentation at trial, which he obtained from a hard drive containing a relatively small amount of data he had saved from Classic Closeouts. Quite to the contrary, the fact that Greenberg was able to utilize documents from a small fraction of the vast network of data once available on Classic Closeouts' computers and servers underscores the wealth of exculpatory information that would have been available to him had the entirety of the Classic Closeouts' computers and servers been properly preserved. Such evidence and information would include: (i) code written by Classic Closeouts' computer programmer concerning the Frequent Shoppers Club Program; (ii) records of testing of the program; (iii) the database used to generate invitations to customers to participate in the Frequent Shoppers Club program; (iv) the database server containing records of all "clicks" evidencing which customers voluntarily chose to become members of the Frequent Shoppers Club; and (v) the means to conduct a forensic examination of how any charges occurred.

In these circumstances, Mr. Greenberg is entitled to some remedy for a government regulatory agency's culpable failure to preserve critical and exculpatory evidence that has hamstrung his defense in a criminal trial. Had Mr. Greenberg proceeded to trial in the FTC litigation, he would have been entitled to an adverse inference instruction for the missing evidence because the FTC was, at a minimum, grossly negligent in its failure to preserve critical evidence. *See Res. Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002) ("The sanction of an adverse inference should be available even for the negligent destruction of documents if that is necessary to further the remedial purpose of the inference. It makes little difference to the party victimized by the destruction of evidence whether that act was done willfully or negligently. The adverse inference provides the necessary mechanism for restoring the evidentiary balance.").

The Second Circuit provides for a "permissive" adverse inference instruction that does not require a finding of bad faith on the opposing party and which does not punish the opposing party. "A second, fundamentally different, adverse inference instruction is one that simply explains to the jury, as an example of the reasoning process known in law as circumstantial evidence, that a jury's finding of certain facts may (but need not) support a further finding that other facts are true." *Mali v. Federal Insurance Co.*, 720 F.3d 387, 393 (2d Cir. 2013). Such an instruction "explains to the jury that it is at liberty to draw an adverse inference, [but] . . . [i]t is not a sanction. It is no more than an explanation of the jury's fact-finding powers." *Id.* at 393.

Accordingly, the defense requests that the Court add the following instruction to its final charges to the jury:

> During this trial, you heard evidence concerning the Federal Trade Commission's

failure to preserve the entirety of Classic Closeouts' computers and servers. The FTC was obligated to preserve those computers and servers. You may infer from the FTC's failure to preserve this evidence that these computers and servers were relevant to this case and were favorable to Mr. Greenberg's defense. You are not required to make this inference, however, and you must consider all the evidence that has been offered by the Government with respect to the question of whether Mr. Greenberg is guilty or not guilty of the charges against him.

See also, *United States v. Suarez*, 2010 WL 4226524, at *10 (D.N.J. 2010).

Respectfully submitted,

/s/ Eric M. Creizman

Eric M. Creizman

cc: Walter Norkin, Esq., Charles Rose, Esq. (by email)
     Assistant United States Attorneys